UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| LOCAL 682 HEALTH AND WELFARE TRUST FUND, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 4:11-CV-101 CAS |
| ARROW DRAIN & SEWER CLEANING, INC., | ) ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiffs' Motion for Default Judgment. The Clerk of the Court entered default against defendant Arrow Drain & Sewer Cleaning, Inc. ("Arrow") under Rule 55(a), Federal Rules of Civil Procedure, on March 11, 2011. For the following reasons, the Court will require plaintiffs to establish the existence of subject matter jurisdiction before it determines whether default judgment should be entered.

**Background**

Plaintiffs brought an earlier action in this Court against defendant Arrow. See Local 682 Health & Welfare Trust Fund v. Arrow Drain & Sewer Cleaning, Inc., No. 4:09-CV-177 CAS (E.D. Mo.) (the "First Action"). The complaint in the First Action asserted that the Court had jurisdiction pursuant to Sections 502(a)(3)(B)(ii) and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1132(a)(3)(B)(ii), 1132(e)(1) and 1145, and that plaintiffs were fiduciaries seeking to enforce the provisions of an employee benefit plan. The complaint alleged that Arrow failed to make certain contributions to the plaintiff Fund in violation

of a collective bargaining agreement. The complaint sought judgment in the amount of $18,779.44, in addition to interest and interest in lieu of liquidated damages, costs and attorneys' fees.

In February 2010, plaintiffs and Arrow filed a Joint Notice of Settlement in the First Action, which stated they had reached a settlement of the cause of action. On March 31, 2010, plaintiffs and Arrow filed a Stipulated Notice of Dismissal with Prejudice, which the Court granted, closing the case. In September 2010, plaintiffs filed a motion for contempt in the First Action, which asserted that Arrow failed to make payments to plaintiffs as agreed in a Payment and Settlement Agreement executed between the parties. The motion for contempt requested the Court to cite Arrow for contempt and order it to immediately comply with the terms and conditions of the Payment and Settlement Agreement.

The Court denied the motion for contempt for lack of jurisdiction, stating:

> The Court concludes that it is without jurisdiction to entertain the issues presented in the motion, under Kokkonen v. Guardian Life Insurance Company of America, 511 U.S. 375 (1994). The United States Supreme Court has held that federal district courts do not have inherent power to enforce an agreement settling federal litigation. Id. at 378; see Miener v. Missouri Dep't of Mental Health, 62 F.3d 1126, 1127 (8th Cir. 1995). Jurisdiction to enforce a settlement agreement exists only if the parties' obligation to comply with the terms of the settlement agreement was made part of the order of dismissal (1) by a provision that the Court would retain jurisdiction over the settlement agreement; or (2) by incorporating the terms of the settlement agreement into the order. Miener, 62 F.2d at 1127 (citing Kokkonen, 511 U.S. at 381). "Absent action making the settlement agreement part of a dismissal order, 'enforcement of the settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction.'" Id. (quoting Kokkonen, 511 U.S. at 382). A mere reference to the existence of a settlement does not incorporate the settlement agreement into the dismissal order. Meiner, 62 F.3d at 1127-28.
>
> In this case, the Court concludes it is without jurisdiction to address the issues presented in plaintiffs' motion because the order of dismissal neither retained jurisdiction over the action for purposes of enforcing the parties' agreement nor incorporated the terms of the agreement. As a result, unless there is some independent basis for federal jurisdiction, plaintiffs must bring any enforcement

> action, such as a petition for breach of contract, in state court. See Sheng v. Starkey
> Laboratories, Inc., 53 F.3d 192, 195 (8th Cir. 1995). No independent basis for
> federal jurisdiction has been asserted here, and such an assertion would, in any event,
> appear to require the institution of a separate action for breach of contract.

Local 682 Health & Welfare Trust Fund v. Arrow Drain & Sewer Cleaning, Inc., No. 4:09-CV-177 CAS, Mem. and Order of Sept. 17, 2010.

Plaintiffs subsequently filed the instant action against Arrow, seeking damages for breach of the First Action's settlement agreement, and asserting that the Court has jurisdiction by reason of Sections 502(a)(3)(B)(ii) and 515 of ERISA "in that Plaintiff Trustees are fiduciaries who seek to enforce the provisions of a settlement agreement reached in accordance with the provisions of their employee benefit plan." Complaint at 2, ¶ 3.

**Discussion**

Even when a defendant is technically in default and all of the requirements for a default judgment are satisfied, a plaintiff is not entitled to default judgment as a matter of right. 10 James Wm. Moore, et al., Moore's Federal Practice § 55.31[1] (3d ed. 2010). Prior to the entry of a discretionary default judgment, this Court must satisfy itself that the moving party is entitled to judgment. Id., § 55.31[2]; Aldabe v. Aldabe, 616 F.2d 1089, 1092-93 (9th Cir. 1980).

"In every federal case the court must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments." Carlson v. Arrowhead Concrete Works, Inc., 445 F.3d 1046, 1050 (8th Cir. 2006). The Eighth Circuit has admonished district courts to "be attentive to a satisfaction of jurisdictional requirements in all cases." Sanders v. Clemco Indus., 823 F.2d 214, 216 (8th Cir. 1987). It is not clear to the Court that the section of ERISA on which jurisdiction is premised encompasses the situation presented by plaintiffs' complaint.

Section 502(a)(3)(B)(ii) of ERISA, 29 U.S.C. § 1132, provides as follows:

(a) Persons empowered to bring a civil action. A civil action may be brought–

. . . .

    (3) by a participant, beneficiary, or fiduciary

. . . .

        (B) to obtain other appropriate equitable relief
            (i) to redress such violations or
            (ii) **to enforce any provisions of this subchapter or the terms of the plan**;

29 U.S.C. § 1132(a)(3)(B)(ii) (emphasis added).

Based on the record before it, the Court is uncertain whether plaintiffs' action against Arrow for breach of the settlement agreement from the First Action constitutes an action by a fiduciary to obtain other appropriate equitable relief to enforce any provision of the subchapter or the terms of the employee benefit plan between plaintiffs and Arrow, within the meaning of Section 502(a)(3)(B)(ii). As a result, plaintiffs will be ordered to provide a memorandum of law in support of their motion for default judgment, which shall cite relevant case law and authority to establish that the Court has jurisdiction over this action pursuant to Section 502(a)(3)(B)(ii).

Accordingly,

**IT IS HEREBY ORDERED** that by **April 4, 2011**, plaintiffs shall file a memorandum of law in support of their motion for default judgment, which shall cite relevant case law and authority to establish that the Court has jurisdiction over this action pursuant to Section 502(a)(3)(B)(ii).

**IT IS FURTHER ORDERED** that if plaintiffs fails to comply timely with this order, the motion for default judgment will be denied for lack of subject matter jurisdiction and this case will be dismissed for lack of subject matter jurisdiction.

 

 

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this \_\_\_21st_____ day of March, 2011.